IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| TODD E. DEFEUDIS AND FAMILY,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>ROBERT T. WOLFENDEN, et al.,<br><br>　　　　　　Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:13-cv-00429<br><br>Judge Clark Waddoups |

## **INTRODUCTION**

　　　　Plaintiff, Todd E. DeFeudis, *pro se*, filed this suit for wrongful termination, among other causes of action, in the Third Judicial District Court of Utah. Defendants, Robert T. Wolfenden, Nora McFadden, and various companies owned by Mr. Wolfenden (collectively the "Defendants") removed this action to the United States District Court for the District of Utah. Defendants moved to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. No. 3). Plaintiff responded by agreeing to dismiss without prejudice to allow him to hire an attorney and refile the case. (Dkt. No. 7). Plaintiff subsequently withdrew his agreement to dismiss, however, on the ground that removal of the case to Federal Court was procedurally improper. (Dkt. No. 11). Plaintiff failed to address the merits of the motion to dismiss. The court referred the case to Magistrate Judge Evelyn J. Furse under 28 U.S.C. § 636(b)(1)(B), who issued a Report and Recommendation that the withdrawal by Plaintiff be construed as a motion

to remand, and that that motion be denied for being untimely.  Judge Furse further recommended that the court accept Plaintiff's stipulation to dismiss the complaint without prejudice and allow him to refile his complaint.  The court adopts the recommendation that the objection to removal be treated as a motion to remand and that the motion be denied for the reasons stated in the Report and Recommendation.  The court, however, does not adopt the recommendation that the complaint be dismissed without prejudice and Plaintiff be allowed to refile.

After careful consideration of the allegations of the Complaint and Defendants' motion to dismiss under Rule 12(b)(6), the court GRANTS the motion, dismissing Plaintiff's claim for wrongful termination in violation of public policy, but allowing Plaintiff leave to file an amended complaint as to that count only.  All other counts in the Complaint are DISMISSED WITH PREJUDICE.[1]

## BACKGROUND

In May 2011, Plaintiff Todd DeFeudis was hired by Defendant Robert Wolfenden as a Real Estate Manager for properties owned by him and his companies.  Mr. DeFeudis was responsible for Mr. Wolfenden's 143 Utah properties which included retail, office, industrial, warehouse, and other real estate.  Mr. DeFeudis alleges that Mr. Wolfenden told him that his company was near insolvency, that occupancy of the properties was low and that Mr. DeFeudis should make an effort to become well-known and well-liked in the community so as to attract business leaders in the community to rent the properties.  Mr. DeFeudis alleges that they also agreed that Mr. DeFeudis would use local newspapers he owned to market the properties.  Mr. DeFeudis contends that during his time he managed the properties, occupancy rates increased

---

[1] The court determined it can decide the Motion based on the Report and Recommendation and the briefing and does not need oral argument.  *See* DUCivR 7-1(f)

significantly and that Mr. Wolfenden liked his marketing strategies so well that he began to implement them for other properties he owns in California.

After about four months of working for Mr. Wolfenden, Mr. DeFeudis claims Mr. Wolfenden asked him to do things that were illegal and unacceptable to him. He claims, for example, that Mr. Wolfenden told him to perform remodel and build-out jobs on some of the properties without obtaining the proper permits, to not report billing errors to tenants that were overbilled, and that he was told to remove red tags from fire suppression equipment that signify that the equipment is not working properly. Mr. DeFeudis nevertheless continued to work for Mr. Wolfenden for approximately one year, when, on June 5, 2012 he alleges he was fired by Mr. Wolfenden. Mr. DeFeudis alleges that he was fired for refusing to perform illegal acts and that he was therefore wrongfully terminated in violation of public policy.

## **STANDARD UNDER RULE 12(b)(6)**

To survive a Rule (12)(b)(6) motion to dismiss, a complaint must set forth facts demonstrating a plausible claim for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007). When evaluating such a motion, "the court presumes the truth of all well-pleaded facts in the complaint, but need not consider conclusory allegations." *Margae, Inc. v. Clear Link Tech.*, 620 F. Supp. 2d 1284, 1285 (D. Utah 2009) (citing *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006), *cert. denied*, 549 U.S. 1209 (2007); *Mitchell v. King*, 537 F.2d 385, 386 (10th Cir. 1976)). In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009), the Supreme Court further observed that "[t]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. A plaintiff must allege enough facts to make a claim "plausible on its face" and must

allege "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id*. at 1949-1950.

Plaintiff's *pro se* status does not relieve him of "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). It is not the court's function to "assume the role of the advocate for the pro se litigant," and the dismissal of a *pro se* complaint under Rule 12(b)(6) is still proper "where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Perkins v. Kan. Dept. of Corrections*, 165 F.3d 803, 806 (10th Cir. 1999).

Nevertheless, because Mr. DeFeudis is a *pro se* litigant, the court liberally construes his filings. *Casanova v. Ulibarri*, 595 F.3d 1120, 1125 (10th Cir. 2010) (citation omitted).

## ANALYSIS

### A. The Motion to Dismiss

Plaintiff alleges eight causes of action: (1) Wrongful discharge in violation of public policy, (2) complaining about safety or health conditions, (3) breach of good faith and fair dealing, (4) defamation, (5) intentional infliction of emotional distress, (6) interference with contract, (7) conspiracy, and (8) retaliation for whistleblowing. The court will address each in turn.

#### 1. Wrongful Discharge in Violation of Public Policy

The court concurs with Defendants' argument that Plaintiff has inadequately pled wrongful discharge in violation of public policy. To adequately plead wrongful discharge in violation of public policy Plaintiff must allege facts that show: "(i) that his employer terminated him; (ii) that a clear and substantial public policy existed; (iii) that the employee's conduct

brought the policy into play; and (iv) that the discharge and the conduct bringing the policy into play are causally connected." *Ryan v. Dan's Food Stores, Inc.*, 972 P.2d 395, 404 (Utah 1995).

Plaintiff fails to meet the requirements of the second element. He alleges he was fired for being unwilling to remove red tags from malfunctioning fire equipment. While this may potentially implicate a public policy, Plaintiff fails to identify the particular public policy that is at play. Nor does he cite to any statute, constitutional provision, or case law that defines a public policy at issue. Under *Ryan*, "[a] public policy is 'clear' only if plainly defined by legislative enactments, constitutional standards, or judicial decisions." *Ryan*, 972 P.2d at 405 (citation omitted). Absent this information, Plaintiff has inadequately pled a cause of action for wrongful termination in violation of public policy. Nevertheless, because the facts alleged indicate that Plaintiff may be able to allege facts that would satisfy this missing requirement, the court grants Plaintiff leave to amend his complaint to address, if possible, these pleading deficiencies.[2] Plaintiff should carefully review each element required to plead this cause of action and should not assume that the court's failure to comment on the other elements should be understood as confirming that the Complaint sufficiently meets all other pleading requirements. Any amended complaint must be filed within 30 days of the date of this order, absent further order of the court or a stipulation between the parties.

   **2. Complaining About Safety or Health Conditions and Retaliation for Whistleblowing**

The court finds both the second and eighth causes of action to be largely duplicative of the first cause of action and deserving of the same analysis. These claims may present additional factual allegations supporting the claim for wrongful discharge, but they do not stand alone as separate causes of action. The court concurs with the analysis presented in Defendants' motion

---

[2] If Plaintiff contends other acts also violated public policy, he must state clearly the public policy at issue and cite where it has been plainly defined so as to provide notice to the opposing parties.

to dismiss that to the extent Plaintiff is claiming retaliation in his second cause of action, the claim fails. Therefore the second and eighth causes of action are dismissed with prejudice.

### 3. Breach of Good Faith and Fair Dealing

Utah is an at-will employment state. *Berube v. Fashion Centre,* 771 P.2d 1033, 1041 (Utah 1989). There are, however, exceptions to the at-will employment rule, including when parties enter into certain types of contracts for employment. When two parties enter into such a contract, a duty of good faith and fair dealing arises. A party breaches his duty of good faith and fair dealing when he engages in actions that will "intentionally destroy or injure the other party's right to receive the fruits of the contract." *St. Benedict's Dev. Co. v. St. Benedict's Hosp.* 811 P.2d 194, 199 (Utah 1991). The resulting claim from such a breach would be a breach of contract. *Id.* at 200. Plaintiff, however, alleges no facts from which the court could find or infer that his employment by Mr. Wolfenden was anything other than at-will.

"Utah does not recognize an action for breach of an implied duty of good faith where . . . the employment is terminable at will." *Davis v. Utah Power & Light Co.*, No. 87-C-0659, 1988 WL 217350, at *4 (D. Utah Nov. 23, 1988) (dismissing claim for breach of covenant of good faith and fair dealing). The implied covenant of good faith and fair dealing "cannot be construed to change an indefinite-term, at-will employment contract into a contract that requires an employer to have good cause to justify a discharge." *Brehany v. Nordstrom*, 812 P.2d 49, 55 (Utah 1991); *see also Heslop v. Bank of Utah*, 839 P.2d 828, 840 (Utah 1992) (recognizing that Utah courts have "definitively refused to recognize an implied-in-law covenant of good faith that would replace the traditional at-will rule in employment cases"). In other words, it cannot be a breach of the covenant of good faith and fair dealing to exercise a right expressly allowed by the parties' agreement. In this case, Mr. Wolfenden had the right to terminate Mr. DeFeudis at-will.

Thus, the exercise of that right could not as a matter of law breach the covenant of good faith and fair dealing. For this reason alone, Plaintiff's claim must fail.

Moreover, based on the facts as alleged in his complaint, Mr. DeFeudis had every right to terminate his employee relationship with Mr. Wolfenden if he felt that he was being asked to do things that would ruin his good name. He was not bound by any contract that would make him choose between liability for a breach of that contract and the soiled reputation he feared would result from the improper behavior he was told to engage in. Mr. DeFeudis alleges no actions taken by Mr. Wolfenden that prevented him from realizing the rightful and intended fruits of the contract other than that Mr. Wolfenden fired him. Therefore, the claim of breach of good faith and fair dealing is dismissed with prejudice.

The dismissal of this claim, however, does not defeat any claim for wrongful discharge in violation of public policy claim, should such a claim be adequately pled. That is a question of whether Plaintiff was fired for refusing to take actions that would violate a specific public policy. Just because Plaintiff had the choice to walk away from this employment does not undermine the wrongful discharge claim. That claim is not undermined by Plaintiff's at-will employment status.

   4. **Defamation**

The court concurs with the analysis of Defendants that the communications during the unemployment proceedings are privileged, and therefore cannot be used to claim defamation. The defamation claim is dismissed with prejudice.

   5. **Intentional Infliction of Emotional Distress**

To properly plead intentional infliction of emotional distress, a plaintiff must show that Defendants:

> intentionally engaged in some conduct toward the plaintiff, (a) with the purpose
> of inflicting emotional distress, or, (b) where any reasonable person would have
> known that such would result; *and* his actions are of such a nature as to be
> considered outrageous and intolerable in that they offend against the generally
> accepted standards of decency and morality.

*Samms v. Eccles*, 358 P.2d 344, 347 (Utah 1961), *abrogated on other grounds by Johnson v. Rogers*, 763 P.2d 771 (Utah 1988).

Here, Plaintiff fails to allege facts sufficient to support or allow the court to infer any intent by Defendants to inflict emotional distress. Plaintiff alleges that Mr. Wolfenden asked him to do illegal things and that Mr. Wolfenden told him about times he used his guns to deter intruders. Plaintiff's factual allegations do not support that Mr. Wolfenden did these things with intent to cause emotional distress, or that they even rise to the requisite level of offense such that they offend against generally accepted standards of decency and morality. Rather Mr. Wolfenden allegedly asked Mr. DeFeudis to cut legal corners. Whether or not such requests were proper or in good form, no factual allegations in the complaint support that Mr. Wolfenden acted with the intent to cause Plaintiff emotional distress. Therefore, without any facts to suggest that the Mr. Wolfenden engaged in the alleged conduct with the purpose of causing Plaintiff emotional distress, the claim of intentional infliction of emotional distress is dismissed with prejudice.

### 6. Interference with Contract

The court concurs with the analysis of Defendants that a party to a contract cannot be liable for interference with his own contract. The interference with contract claim is dismissed with prejudice.

### 7. Conspiracy

To plead civil conspiracy Plaintiff must show: "(1) a combination of two or more persons, (2) an object to be accomplished, (3) a meeting of the minds on the object or course of action, (4) one or more unlawful, overt acts, and (5) damages as a proximate result thereof." *Israel Pagan*

*Estate v. Cannon*, 746 P.2d 788, 790 (Utah Ct. App. 1987) (citations omitted). Generally, a legal entity consisting of a corporation and its agents cannot conspire with itself. *Tomlinson v. NCR Corp.*, 296 P.3d 760 (Utah Ct. App. 2013) (citation omitted).

As pled, Plaintiff's complaint alleges that Defendants "conspired" to direct him to do wrong and illegal things. Plaintiff also alleges that Defendants would hire other workers to perform tasks without obtaining the proper building permits, thus "conspiring" to subvert the legal processes of Utah. The court finds that such allegations can only be considered against a single legal entity, Defendants' business entities and agents, therefore the conspiracy claim is dismissed with prejudice. Moreover, the Complaint fails to allege the other required elements, including, among others, a failure to plead an underlying cause of action or unlawful objection which Defendants agreed to accomplish.

**8. Claims against all parties other than Mr. Wolfenden.**

In addition to Mr. Wolfenden, Plaintiff names as Defendants Nora McFadden; Flying Colors Group, LP; Villa Gardens Apartments, LLC; and Western Land and Investment, LLC. Plaintiff fails, however, to allege any facts to support that any of these additional Defendants engaged in any conduct that would support a claim against them. The only specific allegations are that Ms. McFadden was Mr. Wolfenden's "right hand assistant," without facts to support any alleged wrongful actions taken by her, and that the companies were owned by Mr. Wolfenden. The facts alleged are insufficient to state any claim against any of these additional defendants and the claims asserted are dismissed with prejudice.

**ORDER**

For the reasons set forth above, the court hereby,

1. Accepts and Adopts in part the Report and Recommendation of the Magistrate Judge treating the objection to removal as a motion to remand and DENIES the motion for the reasons stated in the Report.

2. GRANTS the motion to dismiss the first cause of action for discharge of Plaintiff in violation of public policy, but allows leave for Plaintiff to file an amended complaint against Mr. Wolfenden on this cause of action only. The amended complaint must be filed within 30 days of the date of this order absent an order of this court or a stipulation between the parties allowing a later filing

3. **GRANTS** the motion to dismiss all other causes of action with prejudice.

4. The claims against Defendants Nora McFadden, Flying Colors Group, LP, Villa Gardens Apartments, LLC, and Western Land and Investment, LLC are DISMISSED with prejudice.

DATED this 6th of June 2014.

BY THE COURT:

_____
Clark Waddoups
United States District Judge